UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Douglas Malouf,**

    *Plaintiff*,

v.                   Case No.  3:07-cv-141
                      Judge Thomas M. Rose

**Dayton Board of Education,**

    *Defendant*.

**ENTRY AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT DAYTON BOARD OF EDUCATION,** (DOC. 4), **AND TERMINATING CASE.**

This matter is before the Court for decision on Motion for Judgment on the pleadings of Defendant Dayton Board of Education. Doc. 4.  Defendant asserts that Plaintiff has failed to state a claim for relief against Defendant and prays that the complaint be dismissed with prejudice.  The motion is unopposed.

According to the complaint, Plaintiff Douglas Malouf was fired on November 11, 2006, after a drug test revealed that he had reported back after lunch under the influence of marijuana to perform his job of transporting school children.  Plaintiff complains that his rights under Federal Motor Carrier Safety Administration regulations were violated when he was refused the right he claims to have to request a confirmation drug test within seventy-two hours after he was notified of the positive test and not allowed to seek counseling in order to retain his job under the FMSCA.

Plaintiff's first count asserts "violations of the regulations of the Federal Motor Safety Administration and the Department of Transportation." There is, however, no private right of action to enforce these regulations. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2000).

Plaintiff's second cause of action claims "violations of Plaintiff's procedural civil rights in violation of 42 U.S.C. § 1983." Plaintiff's complaint, and his non-existent response to the motion, fail to identify a procedure that might have been deprived. While the complaint impliedly asserts that Plaintiff has a right to return to work if he should complete counseling, the Court understands that his employer only has the discretion to allow him to return to work when counseling is complete. See 49 C.F.R. § 40.289(a) ("As an employer, you are not required to provide a SAP evaluation or any subsequent recommended education or treatment for an employee who has violated a DOT drug and alcohol regulation."); see also 49 C.F.R. § 40.305 ("[I]f you decide that you want to permit the employee to return to the performance of safety sensitive functions..."). Thus, there is no procedure that the Court could provide that would vindicate Plaintiff's rights. Wherefore, Motion for Judgment on the Pleadings of Defendant Dayton Board of Education, Doc. 4, is **GRANTED**. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, on Friday, September 14, 2007.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE